IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 13-cr-00205-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

**JOSE RAMON CRUZ-GAMEZ**,

        Defendant.
_____

**ORDER
FOR COMPETENCY EXAMINATION AND DETERMINATION**
_____

This matter is before the Court for consideration of the **Unopposed Motion for Competency by Evaluation** [#12] filed June 21, 2013, by counsel for the defendant. The government does not object.

The Court may order a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(a). "The Constitution forbids the trial of a defendant who lacks mental competency." See *Dusky v. United States*, 362 U.S. 402 (1960). The test for competency to stand trial asks whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." *United States v. Mackovich*, 209 F.3d 1227, 1232 (10th Cir. 2000) (quotations omitted);

*see also Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."). *Accord United States v. Deshazer*, 554 F.3d 1281, 1286 (10th Cir. 2009).

Based on the averments stated in the motion, the Court finds that such reasonable cause exists under 18 U.S.C. § 4241(a).

Of necessity, the deadlines for filing pretrial motions and responses, if any, and the status conference must be vacated and continued for at least the time necessary to determine the competency of the defendant. Pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c).

**THEREFORE, IT IS ORDERED** as follows:

1. That the Motion for Competency Evaluation [#12] filed June 21, 2013, by counsel for the defendant is granted;

2. That pursuant to 18 U.S.C. § 4241(a), a hearing to determine the competency of the defendant shall be conducted, if and when necessary, as set during a future hearing to be set by the court in this case;

3. That pursuant to 18 U.S.C. § 4241(c), any potential competency hearing shall be conducted pursuant to the provisions of 18 U.S.C. § 4247(d);

4. That prior to any potential competency hearing, the defendant shall be committed to the custody of the Attorney General for a psychiatric or psychological evaluation. Pursuant to 18 U.S.C. § 4247(b), "[u]nless impracticable, the psychiatric or

psychological examination shall be conducted in the suitable facility closes to the court,"

which, in this case, would be the facility known as the "Federal Correctional Institution –

Englewood" (FCI-Englewood), located at 9595 Quincy Avenue, Littleton, Colorado,

80123.  Unless impracticable, the examination shall be conducted by licensed certified

psychiatrist(s) or psychologist(s) at FCI-Englewood;

     5.  That the defendant shall be committed to the custody of the Attorney General

for a period not to exceed thirty (30) days from the date of this order, unless an

extension is requested and granted pursuant to 18 U.S.C. § 4247(b);

     6.  That the licensed or certified psychiatrist or psychologist conducting the

psychiatric or psychological examination shall be granted reasonable access to the

defendant to facilitate the psychiatric or psychological examination and to implement the

orders of this court;

     7.  That pursuant to the provisions of 18 U.S.C. § 4247(c), at the conclusion of

the psychiatric or psychological examination of the defendant, a psychiatric or

psychological report shall be prepared by the licensed or certified psychiatrist or

psychologist and shall be filed with the court, with copies to counsel for the government

and the defendant;

     8.  That pursuant to the provisions of 18 U.S.C. § 4247(c)(1)-(4), the psychiatric

or psychological report shall include the following:

        a.  The defendant's history and present symptoms;

        b.  A description of the psychiatric, psychological, and medical tests
            that were employed and their results;

        c.  The examiner's findings;

        d.  The examiner's opinions as to the diagnosis and prognosis; and

      e.      The examiner's opinion about whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense;

9.  That pursuant to 18 U.S.C. § 3161(h)(1)(A), the period of delay resulting from these competency proceedings shall be excluded in computing the time within which trial must commence under 18 U.S.C. § 3161(c);

10.  That any deadlines for filing pretrial motions and responses are vacated;

11.  That all currently scheduled dates in this matter are vacated pending further order.

Dated June 24, 2013, at Denver, Colorado.

**BY THE COURT:**

R. Brooke Jackson
United States District Judge